**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, | ) | |
| WESTERN NEBRASKA RESOURCES | ) | |
| COUNCIL, and FRIENDS OF THE | ) | |
| EARTH, INC., | ) | **8:11CV345** |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| U.S. DEPARTMENT OF STATE; | ) | **ORDER** |
| HILLARY CLINTON, Secretary, U.S. | ) | |
| Department of State; KEN SALAZAR, | ) | |
| Secretary, U.S. Department of the | ) | |
| Interior; DAN ASHE, Director, U.S. | ) | |
| Fish and Wildlife Service; U.S. FISH | ) | |
| AND WILDLIFE SERVICE; U.S. | ) | |
| BUREAU OF LAND MANAGEMENT; | ) | |
| U.S. ARMY CORPS OF ENGINEERS; | ) | |
| WESTERN AREA POWER | ) | |
| ADMINISTRATION; and RURAL | ) | |
| UTILITIES SERVICE, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| TRANSCANADA KEYSTONE PIPELINE, | ) | |
| LP, a Delaware limited partnership, | ) | |
| and TRANSCANADA CORPORATION, | ) | |
| a Canadian public company, | ) | |
| | ) | |
| Intervenors. | ) | |

This matter is before the court on the Motion to Intervene (Filing No. 16) filed by TransCanada Keystone Pipeline, LP, and TransCanada Corporation (collectively "TransCanada"). TransCanada filed a brief (Filing No. 17) and an index of evidence (Filing No. 18) in support of the motion. The plaintiffs filed a brief (Filing No. 29) in opposition to the motion. TransCanada filed a brief (Filing No. 30) and an index of evidence (Filing No. 31) in reply. The current defendants filed a response (Filing No. 27) taking no position on the motion.

**BACKGROUND**

On October 5, 2011, the plaintiffs filed a complaint seeking declaratory and injunctive relief against several federal defendants.  **See** Filing No. 1.  On October 12, 2011, TransCanada filed its motion to intervene, to appear in support of the named federal defendants.  **See** Filing No. 16.  On October 26, 2011, the plaintiffs filed an amended complaint, which included additional federal defendants and claims for relief.  **See** Filing No. 28.  The plaintiffs allege the federal defendants have acted in violation of the Administrative Procedure Act (APA) 5 U.S.C. § 706(2), and the National Environmental Policy Act (NEPA) 42 U.S.C. §§ 4321-4370h; 40 C.F.R. § 1506.1.  *Id.*  The plaintiffs asks the court to declare certain acts of the federal defendants to be in violation of the APA and the NEPA, and to set aside certain actions taken by the federal defendants.  *Id.* at 44-45.  The plaintiffs also seek "temporary and/or permanent injunctive relief as may be specifically sought hereafter" as well as "costs, expenses, expert witness fees, and reasonable attorneys' fees."  *Id.* at 45.

This case involves TransCanada's plan to build the Keystone XL Pipeline (Keystone XL), a pipeline to transport crude oil from northeastern Alberta, Canada, to refineries in the United States, as an extension of the Keystone Pipeline, which has been operational since June 2010.  *Id.* ¶ 68-71.  The proposed route of Keystone XL is through the Sand Hills and the Ogallala Aquifer in Nebraska, Kansas, and Oklahoma.  *Id.* ¶ 68.  TransCanada is in the process of obtaining a transboundary permit for Keystone XL  from the U.S. Department of State.  *Id.* ¶ 75.  Generally, the plaintiffs allege that the named defendants have acted in ways contrary to the Endangered Species Act's (ESA) requirement that federal agencies "consider the effects of their actions on endangered and threatened species and their critical habitat."  *Id.* ¶ 119.  The plaintiffs further allege the defendants have violated NEPA by allowing TransCanada to engage in activities "constitut[ing] the initial stage of Pipeline construction," including trapping and relocating American burying beetles, an endangered species, and clearing the proposed pipeline route of its native vegetation.  *Id.* ¶¶ 103-108.

TransCanada claims it is entitled to intervene in this matter pursuant to Rule 24 of the Federal Rules of Civil Procedure (Rule 24) because if the plaintiffs receive any of the relief they seek TransCanada's interests with respect to Keystone XL is impaired.  Thus, TransCanada argues it is entitled to intervene as of right under Rule 24(a)(2).  Alternatively,

TransCanada contends it should be allowed to permissively intervene under Rule 24(b)(1)(B).

The plaintiffs content TransCanada has not established intervention, either as of right or permissive, under Rule 24. In the alternative if intervention is granted, the plaintiffs urge the court to place limits on TransCanada's intervention. **See** Filing No. 29 - Response p. 1.

**ANALYSIS**

Although not challenged by the plaintiffs, as a threshold matter, an applicant for intervention must show it has Article III standing to intervene in a federal law suit. *Curry v. Regents of Univ. of Minn.*, 167 F.3d 420, 422 (8th Cir. 1999); **see** *Medical Liab. Mut. Ins. Co. v. Alan Curtis LLC*, 485 F.3d 1006, 1008 (8th Cir. 2007). Constitutional standing requires a showing of: (1) an injury in fact, which is an invasion of a legally protected interest that is concrete, particularized, and either actual or imminent; (2) causation; and (3) redressability. *Sprint Commc'ns Co., L.P. v. APCC Servs, Inc.*, 554 U.S. 269, 273 (2008); **see also** *Mausolf v. Babbitt*, 85 F.3d 1295, 1301-02 (8th Cir. 1996) (finding the movant "alleged concrete, imminent, and redressable injuries in fact" where movant would suffer identifiable injury if restrictions challenged in the action were removed).

TransCanada contends

> [a]s the owner, operator, and permit-applicant for the multi-billion dollar Keystone XL Project, TransCanada's subsidiary has a direct, substantial, and legally protectable interest in defending against Plaintiffs' suit, which seeks relief that threatens to delay construction and operation of the Keystone XL Project, thus jeopardizing TransCanada's ability to protect its investment and fulfill its commitments to customers.

**See** Filing No. 17 - Brief p. 2. TransCanada has shown it has recognizable interests in the subject matter of this action. As of early October 2011, TransCanada had invested approximately $1.7 billion in the development of the Keystone XL Project, which is projected to cost approximately $7 billion. **See** Filing No. 18 - Jones Decl. ¶ 23. In addition, TransCanada has contractual commitments to transport crude oil through the proposed pipeline "by a date certain, with significant penalties to TransCanada if it is unable to deliver." *Id.* ¶ 21. The plaintiffs' suit for declaratory, and potentially injunctive, relief threatens to delay the Keystone XL Project, placing TransCanada's investments and contractual commitments

3

at risk.  In light of its involvement in all stages of the permit process, TransCanada is in a position to defend against the plaintiffs' claims and to potentially minimize delays in the litigation.  Therefore, the court finds TransCanada has demonstrated it has Article III standing to participate in this action and the court will evaluate the remaining requirements for intervention below.

## A.      Intervention of Right

Under Rule 24(a), on timely motion, the court must permit anyone to intervene who:

> claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2).  The court notes "Rule 24 should be liberally construed with all doubts resolved in favor of the proposed intervenor."  *Tweedle v. State Farm Fire & Cas. Co.*, 527 F.3d 664, 671 (8th Cir. 2008) (**quoting** *South Dakota ex rel. Barnett v. U.S. Dep't of Interior*, 317 F.3d 783, 785 (8th Cir. 2003) (Barnett)).

### 1.      Timeliness

"Whether a motion to intervene is timely is determined by considering all of the circumstances of the case."  *United States v. Union Elec.*, 64 F.3d 1152, 1158-59 (8th Cir. 1995).

> Among the considerations that bear on the question of timeliness are how far the litigation had progressed at the time of the motion for intervention, the prospective intervenor's prior knowledge of the pending action, the reason for the delay in seeking intervention, and the likelihood of prejudice to the parties in the action.

*Arrow v. Gambler's Supply, Inc.*, 55 F.3d 407, 409 (8th Cir. 1995).

In this case, litigation has just begun.  The plaintiffs filed their complaint (Filing No. 1) on October 5, 2011, and TransCanada filed the motion to intervene (Filing No. 16) on October 12, 2011.  There has been no delay in filing the motion to intervene.  The plaintiffs filed an amended complaint (Filing No. 28) on October 25, 2011, and the deadline for the defendants to respond has not yet expired.  The likelihood of unfair prejudice, related to the

timing of the intervention, to the current parties in the action is minimal, if any.  No party asserts the motion was untimely.  For these reasons, the court finds TransCanada's motion to intervene is timely.

### 2.      Recognized Interest

An applicant for intervention must show "a recognized interest in the subject matter of the litigation." *Medical Liab. Mut.*, 485 F.3d at 1008.  Such interest must be "'direct,' as opposed to tangential or collateral.  Furthermore, that interest must be 'recognized,' i.e., both 'substantial' and 'legally protectable.'" *Union Elec.*, 64 F.3d at 1161.  No party asserts TransCanada lacks a recognized interest in the subject matter of the litigation. As discussed above with respect to the issue of standing, the court finds TransCanada has a direct, substantial, and legally protectable interest in the subject matter of the litigation.

### 3.      Interest Impaired by Disposition

The third showing an applicant for intervention must make is whether the disposition of the case without the intervenor may impair the intervenor's interest.  *Medical Liab. Mut.*, 485 F.3d at 1008.  Rule 24(a) "does not require, after all, that [applicants for intervention] demonstrate to a certainty that their interests *will* be impaired in the ongoing action.  It requires only that they show that the disposition of the action '*may* as a practical matter' impair their interests."  *Union Elec.*, 64 F.3d at 1162 (**quoting** *Little Rock Sch. Dist. v. Pulaski County Special Sch. Dist.*, 738 F.2d 82, 84 (8th Cir. 1984) (emphasis in original)).  "[T]he 'interest' test is primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process."  *Union Elec.*, 64 F.3d at 1162 (**quoting** *S.E.C. v. Flight Transp. Corp.*, 699 F.2d 943 (8th Cir. 1983)).

No party disputes TransCanada's interests may be impaired by disposition of this action.  TransCanada has made a sufficient showing that the disposition of the case could impair its interests with respect to Keystone XL.  Specifically, the potential for delay stemming from the plaintiffs' request for "temporary and/or permanent injunctive relief as may be specifically sought hereafter" may be costly to TransCanada.  **See** Filing No. 28 - Amended

Complaint p. 45.  Therefore, the court finds resolution of the subject matter of this case, may, as a practical matter, impair TransCanada's interests.

### 4.      Existing Parties

Finally, an applicant for intervention must show its "interest will not be adequately protected by the existing parties." *Medical Liab. Mut.*, 485 F.3d at 1008.  The court must determine whether representation is adequate "by comparing the interests of the proposed intervenor with the interests of the current parties to the action." *Sierra Club v. Robertson*, 960 F.2d 83, 86 (8th Cir. 1992) ("Doubts regarding the propriety of permitting intervention should be resolved in favor of allowing it, because this serves the judicial system's interest in resolving all related controversies in a single action.").  "A party generally need only make a minimal showing that representation may be inadequate to be entitled to intervene . . . ." *Little Rock Sch. Dist. v. North Little Rock Sch. Dist.*, 378 F.3d 774, 780 (8th Cir. 2004) (internal citations and quotations omitted).  To show inadequate representation, a movant "may show that its interests are distinct." *Id.*

In opposing TransCanada's intervention, the plaintiffs argue "TransCanada's interest in defeating Plaintiffs' claims is identical to the Federal Defendants' interests." **See** Filing No. 29 - Response p. 7.  The plaintiffs contend the federal defendants and TransCanada seek to defend the "federal agency actions or inactions" being challenged by the plaintiffs. *Id.* at 6.  TransCanada argues "[i]t would be a profound misunderstanding to expect that the federal Defendants, while balancing [a number of public interest factors], can or should simultaneously provide adequate representation of TransCanada's focused interest in completing the Keystone XL Project quickly and cost-effectively." **See** Filing No. 30 - Reply p. 11.

Concededly, TransCanada and the federal defendants have similar interests in defending against the plaintiffs' claims that the federal defendants have violated NEPA and ESA in the transboundary permit process involving Keystone XL.  However, their interests diverge with respect to TransCanada's commercial and contractual interests in seeking a speedy and favorable resolution to the litigation.  Accordingly, TransCanada may intervene as a matter of right because TransCanada has Article III standing to participate in this litigation, and has satisfied the Rule 24(a) requirements.

B.      **Permissive Intervention**

In the alternative, TransCanada urges the court to allow it to permissively intervene in this case. TransCanada contends its motion is timely and intervention would not cause undue delay or prejudice. It further argues its defenses involve questions of law and fact common to the plaintiffs' claims against the federal defendants. The plaintiffs urge the court to deny permissive intervention, because "[i]f granted intervenor status, TransCanada may cause undue delay that will impede efficient resolution of Plaintiffs' claims." **See** Filing No. 29 - Response p. 1.

Whether to grant permissive intervention pursuant to Rule 24(b)(1)(B) is wholly within the court's discretion. ***Barnett***, 317 F.3d at 787. "In exercising its discretion the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3); ***Barnett***, 317 F.3d at 787 (finding undue delay or prejudice the "principal consideration"). Moreover, a court properly grants permissive intervention where (1) the motion is timely; (2) the movant shows independent jurisdictional grounds; and (3) the movant's claim or defense and the main action share common questions of law or fact. ***Union Elec.***, 64 F.3d at 1170 n.9.

The court holds, in the alternative, that TransCanada may permissively intervene because it has Article III standing and has satisfied the Rule 24(b) requirements. The court finds the delay or prejudice, if any, resulting from the additional party is not undue delay or prejudice. The plaintiffs fail to show reason to believe TransCanada will cause undue delay in resolving the action. TransCanada is intimately familiar with the studies, reports, and procedures involved in the disputed transboundary permit process and has a great monetary incentive in keeping this litigation moving forward toward resolution. Moreover, TransCanada's purpose in intervening is to support the federal defendants in defense of their actions or inactions against the plaintiffs' allegations. As such, TransCanada's defenses clearly share questions of law and fact with the plaintiffs' claims and the federal defendants' defenses.

C.      **Limits on Intervention**

In the event that the court allows TransCanada to intervene, either as of right or permissively, the plaintiffs urge the court to place limits on intervention. The plaintiffs argue

7

that because their claims "will likely be decided based on an administrative record, and quite possibly on the basis of a motion(s) for summary judgment," TransCanada has "nothing to add to the liability phase of this suit."  **See** Filing No. 29 - Response p. 8.  The plaintiffs ask the court to limit TransCanada's participation to the remedial phase of the litigation or limit TransCanada to dispositive briefing on the merits of the plaintiffs' claims to avoid undue delay.  *Id.*

TransCanada argues the plaintiffs have failed to cite to any precedent in the Eighth Circuit to support their position that TransCanada's intervention should be limited to the remedial phase of the litigation.  TransCanada notes the Ninth Circuit case law cited by the plaintiffs has either been abandoned by the Ninth Circuit or is inapplicable to the case before this court.  Furthermore, TransCanada notes that it is "intimately familiar" with the contents of the administrative record in this matter as it was involved in the generation of much of that record.  **See** Filing No. 30 - Reply p. 14.  Finally, TransCanada argues the plaintiffs' stated concern that TransCanada's intervention would cause delays in litigation are unfounded, due to TransCanada's incentive to resolve this matter with haste.

The court finds the plaintiffs' arguments to be without merit and will refrain from placing the requested limitations on TransCanada's intervention.

**IT IS ORDERED:**

1.      The Motion to Intervene filed by TransCanada (Filing No. 16) is granted.

2.      TransCanada shall have ***until December 21, 2011***, to file a responsive pleading.

DATED this 23rd day of November, 2011.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge

---

*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.