UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, et al., | Case No. 8:11CV345 |
| Plaintiffs, | NOTICE OF CASE DISMISSAL |
| v. | |
| U.S. DEPARTMENT OF STATE, et al., | |
| Defendants. | |

Pursuant to Fed. R. Civ. P. 41(a), Plaintiffs Center for Biological Diversity, Western Nebraska Resources Council, and Friends of the Earth hereby dismiss this action. The reasons for this notice are set forth below.

1.  Plaintiffs commenced this action on October 5, 2011 and filed a First Amended Complaint on October 25, 2011, challenging Federal Defendants' environmental reviews for the Keystone XL Pipeline Project ("Pipeline" or "Project") pursuant to the Endangered Species Act, 16 U.S.C. § 1541-1544 ("ESA"), *See* Docket ("Dkt.") No. 28 (First Amended Complaint). Plaintiffs' amended complaint also challenged activities conducted pursuant to a permit issued to Dr. William Hoback, a wildlife biology professor with the University of Nebraska-Kearney, by Federal Defendant U.S. Fish and Wildlife Service ("FWS"), as unlawful pursuant to the ESA, *id*. at Claims 4-5, and the National Environmental Policy Act, 42 U.S.C. § 42 U.S.C. §§ 4321-4370h ("NEPA"). *Id*. at Claim 6.

2.  Plaintiffs' Claims 1-3 alleged that Federal Defendants' failed to fully consider the effects of Keystone XL to species that are protected as "endangered" or "threatened" under the ESA. Plaintiffs' Claim 4 alleged that through issuance of a permit pursuant to Section 10(a)(1)(A) of the ESA to Dr. Hoback, FWS unlawfully authorized "incidental take" of an

endangered species, from Dr. Hoback's trapping and relocating of endangered American burying beetles along 100 miles of the proposed Keystone XL Pipeline route through the Sand Hills of Nebraska.  Plaintiffs alleged that take of an endangered species, where such take is "incidental" to a development project such as Keystone XL, may only be lawfully authorized by FWS pursuant to Section 10(a)(1)(B) of the ESA, or in accordance with an "incidental take statement" that is issued pursuant to Section 7(a)(2) and Section 7(b)(4)(B) of the ESA.  16 U.S.C. §§ 1539(a)(1)(B), 1536(a)(2); 1536(b)(4)(B).  Plaintiffs' Claim 5 challenged FWS's failure to provide a meaningful public notice and comment opportunity in connection with Dr. Hoback's permit.  16 U.S.C. § 1539(c); 50 C.F.R. § 17.22.  Plaintiffs' Claim 6 challenged FWS's authorization of trapping and relocation of endangered American burying beetles in the Sand Hills, prior to final federal authorization of the Pipeline by Federal Defendants, as a violation of NEPA.  40 C.F.R. § 1506.1.

     3.     On November 10, 2011, the State Department ("Department") (one of the Federal Defendants) issued a statement announcing that "the Department has determined it is necessary to examine in-depth alternative routes that would avoid the Sand Hills in Nebraska in order to move forward with a National Interest Determination for the Presidential Permit." Dkt. 57-1 at 1; *see also id*. ("particularly given … concerns regarding the environmental sensitivities of the current proposed route through the Sand Hills area of Nebraska, the Department has determined it needs to undertake an in depth assessment of potential alternative routes in Nebraska").

     4.     Pursuant to Section 501 of the Temporary Payroll Tax Cut Continuation Act of 2011, Pub. L. No. 112-78, 125 Stat. 1280 (2011), which provided that "the President, acting through the Secretary of State" shall grant a permit for the Keystone XL Pipeline unless the

President determines that the pipeline is not in the national interest." *Id*. § 501.(a), (b)(1), 125 Stat. 1289, on January 18, 2011 the President issued a memorandum directing the Department deny the Presidential Permit for Keystone XL. Dkt. 55-9 at 1. The President's memorandum stated that "60 days is an insufficient period to obtain and assess the necessary information" about alternative routes to avoid the Sand Hills of Nebraska and to determine whether Keystone XL is in the "national interest." *Id*.

5. On December 21, 2011, FWS withdrew the "biological opinion" which Plaintiffs challenge in Claims 2 and 3, including the "concurrence" for the final "biological assessment" for Keystone XL, which Plaintiffs challenge in Claim 1 and which is "contained in" the biological opinion. Dkt. 55-4; Dkt. 55-5. Federal Defendants have stated that in light of this withdrawal, the challenged biological opinion and concurrence "have no continuing legal effect" and "[a]ny future decisions concerning a … re-routed Keystone XL Pipeline would require consultation, and, as appropriate, a biological opinion" under the ESA. Dkt. 54 at 20, 21; *see also id*. at 22 ("the existing BiOp is not likely to be reissued").

6. On December 12, 2011, in response to this litigation, FWS directed Dr. Hoback to "reapply" for his Section 10(a)(1)(A) permit.

7. Federal Defendants have not filed an Answer in this case.

In light of the foregoing, Plaintiffs hereby dismiss this action pursuant to Fed. R. Civ. P. 41(a).

DATED: February 27, 2012                    Respectfully submitted,


*Amy R. Atwood*
Amy R. Atwood
Timothy J. Ream
CENTER FOR BIOLOGICAL
DIVERSITY

Steven Virgil
WAKE FOREST UNIVERSITY
SCHOOL OF LAW

P. Stephen Potter
POTTER LAW OFFICES

Attorneys for Plaintiffs